(82 Misc. Rep. 370.)

## GAGE v. DETTLING.

(Supreme Court, Special Term, Erie County.　October 31, 1913.)

INSURANCE (§ 750*)—MUTUAL BENEFIT INSURANCE—FORFEITURE FOR NONPAY-MENT—REINSTATEMENT.

The by-laws of a lodge provided that no member who was in debt for more than 13 weeks' dues when taken sick should be entitled to sick benefits nor his family death benefits, and that a member who was three months in arrears for dues should not become a beneficiary until six weeks after such arrearages have been paid in full, and then only on furnishing satisfactory proof to the lodge that he was in good health at the time the payments were made.　The dues were payable quarterly, and plaintiff's husband did not make the payment due September 30th until November 25th, on which date it was received by the lodge.　The member's last sickness began on November 28th, and he died on January 4th following.　Held, that under the by-laws the widow was entitled to death benefits; since a delay in paying the dues of less than three months did not forfeit the rights of the member to continue the insurance, but only required him to carry his own insurance for the time he was delinquent and for any sickness contracted during that time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. § 750.*]

Appeal from City Court of Buffalo.

Action by Helen B. Gage against Paul Dettling.　From a judgment of the City Court of Buffalo in favor of the plaintiff, the defendant appeals.　Affirmed.

Calvin S. Crosser, of Buffalo, for appellant.

James A. Magoffin, of Buffalo, for respondent.

WOODWARD, J.　Franklin B. Gage was duly elected and admitted as a member of Buffalo Lodge No. 315, Knights of Pythias, in the year 1895, and from that time up to about the time of his death on the 4th day of January, 1913, he continued in such membership.　Under the by-laws of the lodge, if he was in good standing at the time of his last illness, his widow was entitled to $100 for funeral expenses and $5 per week for a certain length of time prior to his death.　The complaint alleges the necessary facts to constitute a cause of action, and the question seriously litigated was whether the plaintiff's intestate had complied with the conditions of the by-laws in paying his dues and assessments; it being urged that he was not in good standing, because of a default in the payment of his dues.　It was conceded upon the trial that the dues of Franklin B. Gage, which became due and payable on the 30th day of September, 1912, were not paid until the 25th day of November in that year, and there was some evidence in the case which tended to show that he died from a cancerous condition of the liver, and that this disease must have been in progress at the time this payment was made, so that it is urged that he was not in good standing at the time.　The last quarter's payments were not made, although the plaintiff in this action tendered payment on the 25th day of January, 1913, following the death of her husband.

The controversy turns upon the proper construction to be given to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certain provisions of the defendant's by-laws, and we are of the opinion that the judgment is in harmony with the law and that it ought not to be disturbed. It is the theory of the defendant that the plaintiff's intestate had forfeited his rights under the by-laws of the lodge because he had failed to pay the dues which became due and payable on the last day of September, such payment not being made until the 25th day of November; and, if this is the correct construction of the language of the by-laws, there can be no question that the judgment is wrong. But we are of the opinion that a fair reading of the provisions which are relied upon by the plaintiff show that the deceased was in good standing at all times, and that she is entitled to recover in this action.

Section 1 of article 10 of the by-laws of the local lodge provide that every member "shall pay into the lodge the sum of six dollars per year as dues, commencing with the date of his receiving the rank of page, payable quarterly, which means that the sum of one dollar and fifty cents shall become due and payable on the last regular meeting nights in the months of March, June, September and December," and that he "shall also pay such assessments as may at any time be levied upon him. All liabilities for dues and assessments are due and payable at the time specified by the Grand Statutes." Section 4 of article 11 provides that no member "shall be entitled to sick benefits, nor his family to funeral benefits, who is in debt to this lodge for more than thirteen weeks' dues when taken sick; nor can he by paying up be entitled to benefits during that sickness, nor his family to funeral benefits if death occurs from said sickness"; and section 5 of the same article provides that a member "who is three months in arrears for dues shall not become a beneficiary until six weeks after such arrearages have been paid in full, and then only on furnishing satisfactory proof to the lodge that he was in good health when his dues were paid." There is no claim here that any of the assessments made upon the deceased were unpaid; the default is alleged in reference to the dues. These dues of $1.50 became due and payable on the last meeting nights in the months of March, June, September, and December, so that on the 30th day of September, 1912, plaintiff's intestate owed the local lodge $1.50, and it is conceded that this sum was paid to the proper official on the 25th day of November, 1912; and it is not to be doubted that, if the evidence showed that the illness resulting in death commenced prior to the 25th day of November, the defendant would not be liable. But the evidence does not disclose this fact. At least there was evidence from which the conclusion might properly be reached that the deceased was not taken with his last illness until the 28th day of November, and it is not conclusively shown that cause of death was the cancerous condition of the liver, if it be assumed that such a disease would require a greater length of time.

It may be fairly said that the evidence justifies the finding that the fatal illness of the deceased commenced after the 25th day of November, 1912, and we reach the question whether the failure to pay the dues on the 30th of September operated to forfeit the rights of the deceased. It will be noted that the language of section 4 of article

11 is that if a member "is in debt to this lodge for more than thirteen weeks' dues when taken sick" he is not entitled to receive the benefits, while in section 5 it is provided that a "member who is three months in arrears for dues shall not become a beneficiary until six weeks after such arrearages have been paid in full." In other words, the beneficiary, by neglecting to pay promptly, takes it upon himself to carry his own insurance during the time that he is in arrears for a period of three months. If he is taken sick while in debt to the lodge for more than 13 weeks' dues, he is not entitled to benefits during such sickness; nor are his family entitled to funeral benefits, even though he elects to pay the dues during such sickness. If this arrearage continues for a period of three months—that is, if he remains in debt to the lodge for dues three months after the same have become due and payable—then he shall not become a beneficiary for six weeks after such payments have been made. There is a period of three months, after the debt has become due and payable, in which the beneficiary may take his own risk without forfeiting his right to continue the insurance. If he continues to owe the debt beyond a period of three months, he can be reinstated to the rights of a beneficiary only after the expiration of six weeks from the date of payment. In other words, he is obliged as a condition of his delay for three months to carry his own insurance for a further period of six weeks before he comes into his right of insurance again, and then only on condition of establishing the fact that he was in "good health when his dues were paid." This is the reasonable construction; it gives effect to all of the provisions, and is consistent with a prudent policy on the part of the lodge.

This question is fully discussed in Wiggin v. Knights of Pythias (C. C.) 131 Fed. 123, where the court says:

"Here the disputed dues for the term commencing January first, and ending June thirtieth, did not become finally payable until the later date, after which only did they become 'in arrears'; and, as Wiggin died before the six months' indulgence expired, his policy was not forfeited by the very terms of the contract itself."

In the instant case the deceased was in arrears from the 30th day of September to the 25th day of November, on which date the dues were paid. He had forfeited no rights, except the right to be insured during the time that he was in arrears, or during a term of sickness which might occur during such delinquency. The payment of the dues while he was yet in health, and before the expiration of three months from the due date, operated to restore him to his insurance; and, he having become sick on the 28th day of November, he was entitled to the benefits of his contract as much as though he had paid the previous dues upon the 30th day of September. There is nothing in the Grand Statutes of the lodge, as shown in the record, in conflict with this construction; the provisions are substantially the same as the by-laws of the local lodge, in so far as they relate to this controversy.

The judgment appealed from should be affirmed, with costs.