In the Matter of the Estate of OTTO HARTMAN, Deceased.

Surrogate's Court, New York County, March 30, 1926.

Trusts — testamentary trust — trust for payment of life insurance premiums on policy on life of testator's son-in-law for benefit of testator's daughter — said trust not void as violative of Personal Property Law, § 16, and Real Property Law, § 61, against accumulations.

A trust established by a testator to pay the premiums on a life insurance policy taken out by the testator on the life of his son-in-law which policy was payable to the wife of the insured who was the daughter of the testator, is not void as violative of section 16 of the Personal Property Law or section 61 of the Real Property Law as an unlawful accumulation not permitted by those sections, for there was not, by the terms of the trust, an authorized accumulation and addition thereof to the principal of the trust fund, but the income was directed to be paid out for the benefit of the insured and the beneficiary of the policy, and was not held dormant but was actively used to discharge an obligation of the insured, nor was the result of paying insurance premiums to add later to the principal of the fund when the policy of insurance should mature.

PROCEEDING for construction of trust provisions of will.

*Bingham, Englar & Jones,* for the petitioner.

*House, Grossman & Vorhaus,* for the beneficiary Helen London.

*Cardozo & Nathan,* for American Exchange National Bank.

*L. E. Schlechter,* for the executors and trustees.

*Lamar Hardy,* special guardian.

*Naomi Ranson* of counsel.

*Albert Falck* of counsel.

O'BRIEN, S.   Several questions have been raised in this proceeding upon which the determination of the court is requested. The first is:  Does the trust created under subdivision (b) of paragraph 4 of the testator's will, which directs his executors and trustees to set aside a sum which will produce income annually sufficient to pay the annual premiums on a policy of insurance issued upon the life of Herbert B. King (the testator's son-in-law) for the benefit of the testator's daughter, Ruth H. King, provide for an accumulation unlawful under our statutes.   The paragraph in question reads as follows:

"(b) I direct my said executors and trustees, in the event that my son-in-law, Herbert B. King, survive me, to set aside out of the principal of my estate, a sum which in their judgment shall be sufficient to provide an annual income to pay the annual premiums on the life insurance policy on the life of my said son-in-law which

I have taken out, and which premiums amount approximately to the sum of $855.20 a year; and I herewith direct my said executors and trustees to apply such income to the payment of the premiums during the life-time of my said son-in-law for the time which, under the said policy, the premiums shall be required to be paid; on condition, however, that the benefits thereof be payable to my daughter, Ruth H. King, if she survive her husband, in monthly payments or otherwise to her, or to her children as provided in the policy.   When under said policy of insurance, premiums shall no longer be required to be paid, I direct my said executors and trustees to pay the annual income from such trust fund to my sister, Kate Hartmann, during the rest of her natural life.   In the event that my said sister, Kate Hartmann, shall die before such time, I give, bequeath and devise the principal of such trust fund, together with such income thereof which shall not at such time have been distributed, to the children of my daughter, Ruth H. King, the same to be divided by my said executors and trustees and to be held by them and to be paid and distributed to such children in the manner and form as in this will hereinafter provided."

Thus it appears that the executors and trustees are given instructions to set aside out of the principal of the estate a sum sufficient to provide each year approximately $855.20, which amount they are further directed to pay as premiums upon said life insurance policy taken out by testator in his lifetime upon the life of his son-in-law Herbert B. King, for the benefit of his daughter Ruth King.   The question raised is most interesting and important for it is, strange to say, novel in this jurisdiction and affects the subject of life insurance, a matter that is of deep concern to every household in the land.   The statutes bearing upon " accumulations " are as follows:

Personal Property Law: " § 16. Validity of directions for *accumulation* of income.

" An accumulation of the income of personal property, directed by any instrument sufficient in law to pass such property is valid:

" 1. If directed to commence from the date of the instrument, or the death of the person executing the same, and to be made for the benefit of one or more minors, then in being, or in being at such death, and to terminate at or before the expiration of their minority.

" 2. If directed to commence at any period subsequent to the date of the instrument or subsequent to the death of the person executing it, and directed to commence within the time allowed for the suspension of the absolute ownership of personal property,

Surrogate's Court, New York County, March, 1926.    [Vol. 126

and at some time during the minority of the persons for whose benefit it is intended, and to terminate at or before the expiration of their minority.

" 3. All other directions for the *accumulation* of the income of personal property, not authorized by statute, are void. In either case mentioned in subdivisions one and two of this section a direction for *any such accumulation* for a longer term than the minority of the persons intended to be benefited thereby, has the same effect as if limited to the minority of such persons, and is void as respects the time beyond such minority.   *   *   * "   (Amd. by Laws of 1915, chap. 670.)

Real Property Law: " § 61. Accumulations.

" All directions for the *accumulation* of the rents and profits of real property, except such as are allowed by statute, shall be void. An accumulation of rents and profits of real property, for the benefit of one or more persons may be directed by any will or deed sufficient to pass real property, as follows:

" 1. If such *accumulation* be directed to commence on the creation of the estate out of which the rents and profits are to arise, it must be made for the benefit of one or more minors then in being, and terminate at or before the expiration of their minority.

" 2. If such accumulation be directed to commence at any time subsequent to the creation of the estate out of which the rents and profits are to arise, it must commence within the time permitted, by the provisions of this article, for the vesting of future estates, and during the minority of the beneficiaries, and shall terminate at or before the expiration of such minority.

" 3. If in either case, hereinbefore provided for, such direction be for a longer term than during the minority of the beneficiaries, it shall be void only as to the time beyond such minority.   *   *   * " (Amd. by Laws of 1915, chap. 670.)

Under these statutes *all accumulations* are void unless included within the exceptions therein described. If the use of income in the manner directed in said paragraph of testator's will be an " accumulation " then said provision in this paragraph is void for the use prescribed does not come within the exceptions mentioned in these statutes. Here, then, the question arises, " What is an accumulation? " Our statutes do not define the term. Therefore, its meaning must be found elsewhere. The Century Dictionary thus defines " accumulation: " " The adding of the interest or income of a fund to the principal, pursuant to the provisions of a will or deed preventing its being expended. The law imposes restrictions on the power of a testator or creator of a trust to prohibit thus the *present beneficial enjoyment* of a *fund* in order to

increase it for a future generation." Other definitions are as follows:

Corpus Juris: " The putting by of dividends, rents, or other income and converting it into principal by investing it and again capitalizing the income arising from the new principal, and so on, constitutes accumulation, the capital and accrued interest being called the accumulations. Accumulation results from a withholding of the income of property for the purpose of creating an increased and constantly increasing fund for distribution at a future time, or from the adding of the interest or income of a fund to the principal pursuant to the provision of a will or deed, preventing its being expended."

Cyc: " The putting by of dividends, rents, or other income and converting it into principal by investing it and again capitalizing the income arising from the new principal, and so on. The capital and accrued interest is called the accumulations."

Black's Law Dictionary (2d ed.): " When an executor or other trustee masses the rents, dividends and other income which he receives, treats it as a capital, invests it, makes a new capital of the income derived therefrom, invests that, and so on, he is said to accumulate the fund, and the capital and accrued income thus procured constitute accumulations."

Standard Dictionary: " Increase by continuous or repeated additions; as, the accumulation of interest."

Words and Phrases: " Accumulation is the adding of the interest or income of a fund to the principal pursuant to the provision of a will or deed, preventing its being expended." (Citing Century Dictionary; *Thorn* v. *de Breteuil*, 86 App. Div. 405.)

An analysis of these definitions discloses two especial criteria for determining whether a given use of rent, income or interest be an " accumulation," viz., (1) the withholding, preventing or prohibition of the present enjoyment or present expending of such rent, income or interest; and (2) the adding of such rent, income or interest so gathered together over a period of time to the principal of a fund or the capital. The combination or merging of such piled-up income with capital or principal would seem to be that which these various definitions call an " accumulation." In this State cases such as *Hascall* v. *King* (162 N. Y. 134) and *Thorn* v. *de Breteuil* (86 App. Div. 405), which discuss " accumulations" at length, adopt this view of what constitutes an accumulation. The Thelluson Act (39 & 40 Geo. III, c. 98 [1800]), the English genesis of our own statute, and the condition or practice which it was especially designed to inhibit, indicate the same idea

55

Surrogate's Court, New York County, March, 1926.          [Vol. 126

as expressed above.   While it is true that some authorities seem to regard the mere withholding from present enjoyment or expending, and the piling up of a fund, irrespective of how it is finally distributed or whether it be added to principal, an " accumulation," this view does not conform with what we may call the consensus of opinion.   We come now to the query, " Does the spending of the income of a fund upon premiums due upon an insurance policy taken out during the lifetime of testator by him upon the life of his son-in-law for the benefit of his daughter come within this definition? "   *First,* is there an inhibition against the *present* spending or enjoyment of the income?   The answer necessarily is " no."   The income is not hoarded but expended, not idle but active, presumably very active, not isolated, to be brought back later to enhance the fund, but released and passed out of the fund forever.   The income is not, indeed, restricted nor secluded in such a manner that no living persons derive a benefit from it, but on the other hand it is put in circulation and applied to uses that invariably produce a social benefit.   So far as present enjoyment of the fund is concerned, the present benefit includes, with all those who in one way or another participate, the beneficiary of the insurance, *testator's daughter.*   Life insurance has come to be a vital factor in the life of our people.   The *present* comfort, solace and protection of an insurance policy in the household is properly placed close to, if not among, the necessaries of life, and is secured with a sense of satisfaction and of duty fulfilled by the many as they would make sure of the coats on their dependents' backs or the roof over their heads.   What a source of present comfort this insurance is here to one who has been cut off in every other respect from participation in her father's substantial estate!   Viewed in a practical light, this insurance means just so much of the expenses of the household of the insured and beneficiary covered, as they might themselves otherwise expend on insurance.   *Secondly,* the query arises: " Is the income expended for insurance premiums added later in an aggregate sum to the fund, which produced the income? "   The answer is necessarily " no " and for several good reasons: (1) The insurance when and if paid is not merged with or added to the fund which produced the income used in paying premiums, but is paid to the daughter who shares in no manner in the distribution of the fund; and (2) even were said beneficiary of the insurance a remainderman of the fund, it must still be asserted that the insurance represents a payment of a debt, the satisfaction of a contractual obligation on the part of the insurance company, and not piled-up income; (3) the insurance may not, in the face of failure to comply with the insurance contract, be

payable at all, or it may be larger in amount than the sum of the premiums or even smaller as the case may be.   While we are contemplating this aspect of the income expended, it may be noted further that the whole situation as to the insurance may be changed by loans made upon the security of the policy or a paid-up policy may be accepted at some stage in the life of the insurance.   As a matter of fact, a loan has already been made upon this particular policy.   While, as we have previously stated, the question of insurance premiums and accumulations has not been raised in this State, it has been passed upon in several English cases, principally in *Bassil* v. *Lister* (9 Hare, 177; 20 L. J. Ch. 641; 15 Jur. 964).   In that case a direction by will to pay out of the testator's property the premiums upon the policy of insurance effected by the testator upon the life of another person was held to be valid for the whole life insured and not an accumulation under the Thelluson Act (39 & 40 Geo. III, c. 98 [1800]).   While our statutes limit the right to provide accumulations more strictly than does the Thelluson Act, the principle is the same in *Bassil* v. *Lister* and the present cases.

I hold, therefore, that the provision in paragraph 4 (b) directing the use of income to pay said life insurance premiums is valid. (*Bassil* v. *Lister, supra; Matter of Rogers,* 179 Penn. St. 602.) Two other questions are raised in this proceeding: (1) As to the effect and validity of the provisions of paragraphs 4 (a), (c), (d) and (e), and 6 of the will; and (2) whether under paragraph 11 of the will, the widow, Marie Hartman, is required to elect between the provisions for her benefit in the will, and her dower and the provisions for her support and maintenance contained in a separation agreement entered into between the testator and the widow, dated April 10, 1923.

As to (1) I hold that the trusts created in said paragraphs, so far as they affect the present beneficiaries therein named, are valid. These beneficiaries are all living and the trusts are, therefore, still in effect.   No real necessity arises for a determination at this time as to the ultimate dispositions under the will to take effect upon the termination of these trusts, as there is to be no present distribution of the estate.   (*Matter of Hance,* 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Mount,* 185 N. Y. 162; *Matter of Bankers' Trust Co.,* 82 Misc. 372; *Matter of Erickson,* 113 id. 10, 18; affd., 198 App. Div. 999.)

For similar reasons it is unnecessary to determine at this time what ultimate disposition should be made of the fund (paragraph 4 [b]) the income of which is presently used to pay insurance premiums.   Proceed accordingly.