In the Matter of the Estate. of OTTO R. HARTMANN, Deceased.*

Surrogate's Court, New York County, June 22, 1928.

* See, also, 126 Misc. 862; 133 Misc. 428.

———— ————, for ————.

———— ————, for ————.

O'BRIEN, S. The referee's report is confirmed and the exceptions thereto are overruled.

1. The referee correctly construed the will of testator as to the effect on the provisions of paragraph " fourth (a) " of the widow's election to take under the separation agreement instead of under the will. By the language of that paragraph the testator clearly intended to give the $175 per month to his sister while the widow lived, or for fifteen years if the widow lived that long, and $400 per month thereafter. The fact that the widow has elected not to take the $225 per month for fifteen years which this paragraph gave to her cannot affect the gift to the sister. The contention that the entire paragraph has become ineffectual is, therefore, erroneous.

2. The referee was also correct in holding that Helen London was entitled to receive the sum of $400 per month during her life, to be paid out of the income of the trust created by paragraph " fourth (d) " of the will, if sufficient, and, if insufficient, out of the principal. This gift of income and the similar gifts contained in paragraphs " fourth (a) " and " fourth (c) " were in the nature of annuities. Paragraph " fourth (f) " provided as follows: " (f) It is my will and desire that in the event that in any one year the income from the trust funds hereinbefore provided, or any of them, shall be less than the amount required to be paid to the beneficiaries thereof, that my said executors and trustees be and the same are hereby empowered to apply so much of the principal of such trust fund as may be necessary to make up such deficiency." It clearly appears, therefore, that testator intended the payments to be made in the fixed sums mentioned in the will.

3. The further question presented on the hearing of exceptions, as to what method should be employed to pay to the widow the eighty-five dollars per week under the separation agreement, is answered as follows: The payment should be made from the funds in the hands of the trustees. This method may cause a further invasion of principal, but will prevent the greater loss to the

remaindermen, which would otherwise result from the purchase of an annuity for the widow.

4. The application for an allowance as counsel fees, payable out of the estate, to the attorney for the widow is denied. The application is not made under section 231-a of the Surrogate's Court Act. Nor would it seem that an allowance as costs would be justified under section 278 of the Surrogate's Court Act, to the widow, as to a " party who has succeeded in a contest." A question of construction having been presented, however, a bill of costs may be submitted. (Surrogate Court's Act, § 278; *Matter of Eddy*, 207 App. Div. 162; *Matter of Parsons*, 121 Misc. 747; affd., 208 App. Div. 769.)

Tax costs and submit decree on notice, modifying the referee's report and settling the accounts accordingly.