In the Matter of the Estate of OTTO R. HARTMANN, Deceased.*

Surrogate's Court, New York County, December 7, 1928.

* See, also, 133 Misc. 739.

*L. E. Schlechter*, for the executors and trustees.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. The executors and trustees take this appeal from the taxing order upon the following grounds: (1) That the item charged to Catherine Hartmann, to wit, life estate in $37,269.58, payable semi-annually, is improper and the value thereof as fixed by said order and the taxable amount and the tax assessed therefor are erroneous; (2) that the item charged to Marie Hartmann, widow, to wit, temporary annuity of $2,700, payable monthly for fifteen years, is improper for the reason that Marie Hartmann has elected to receive the benefits of a separation agreement instead of any benefits under the will of the decedent, and that the tax and assessment thereof with respect to this item are erroneous; (3) that the item charged to Marie Hartmann, to wit, life annuity of $4,800 payable after the death of Marie Hartmann, is improper for the reason that Marie Hartmann has elected to receive the benefits of a separation agreement instead of the benefits under the will, and that the tax and assessment thereof with respect to this item are errors; (4) that the item charged to Marie Hartmann, to wit, deferred life annuity of $855.20, to commence April 16, 1940, is improper for the reason that Marie Hartmann is not entitled to receive the benefit of such provision under and pursuant to the decedent's will, and that the tax and assessment thereof with respect to this item are errors; (5) that the item charged to Herbert B. King, to wit, temporary life annuity of $855.20, payable for fifteen years, is improper for the reason that Herbert B. King is not a beneficiary under the last will and testament of the decedent, and that the tax and assessment thereof with respect to this item are errors.

The decedent died on April 16, 1924. The first ground of appeal is sustained. The testator, by his will (paragraph "fourth [e]"), directed that the income from his residuary estate should be paid to his sister, Catherine Hartmann, during her life. The transfer tax appraiser has valued the residuary estate at $37,269.58. This figure was arrived at by deducting from the testator's net estate the present values of the annuities and the specific bequest provided

for in the will. In view, however, of the disposition hereinafter made of the second ground of this appeal, the residuary estate, if any, will not be in the amount fixed by the taxing order.

The second ground of appeal is sustained. After the appointment of the transfer tax appraiser and after the executors' return and schedules were filed with him a proceeding was brought to construe the testator's will. In that proceeding I held that the trusts created in paragraph "fourth" (a), (c), (d) and (e), and paragraph "sixth" of the will were valid in so far as they affect the present beneficiaries. (*Matter of Hartmann*, 126 Misc. 862.) A decree was accordingly made by me on June 15, 1926. The temporary annuity of $2,700, payable monthly for fifteen years, to Marie Hartmann, is included in these trusts under paragraph "fourth (a)" of the will. Prior to the decedent's death, and on April 10, 1923, a separation agreement was entered into between the testator and the widow. The above-mentioned decree of June 15, 1926, provided that the widow be required to elect either the benefits provided for her by the will of the decedent or her dower rights, her rights under this separation agreement or any other rights to which she might be entitled in this estate. She subsequently elected to stand upon her rights under the separation agreement. The benefits accruing to the widow under the separation agreement are materially different from those which would accrue to her under the decedent's will, and because of her election to accept the benefits under the separation agreement she is not entitled to receive the temporary annuity of $2,700 provided for by paragraph "fourth (a)" of the decedent's will. The decree confirming the report of the referee and settling the account of the temporary administrators and executors, made by me on July 18, 1928, pursuant to a decision previously made (*Matter of Hartmann*, 133 Misc. 739), further construed the decedent's will and adjudged, among other things, that the testator's widow was not entitled to any benefits under the will. The facts with respect to the separation agreement and the rights of the widow thereunder were not disclosed to the transfer tax appraiser and the report must, therefore, be remitted to him for further consideration and distribution in accordance with the decrees of this court.

The third and fourth grounds of appeal are denied. The taxing order has not assessed against Marie Hartmann either the value of a surviving life annuity of $4,800, or the value of a deferred life annuity of $855.20 as set forth in these grounds of appeal. On the contrary, these transfers are contingently taxed against the executors for the benefit of a person of the two per cent class who may be Catherine Hartmann.

The fifth ground of appeal is denied. In the proceeding brought to construe the decedent's will, I held that the provision of paragraph " fourth (b) " directing the use of income to pay life insurance premiums was valid. (*Matter of Hartman*, 126 Misc. 862; 220 App. Div. 755.) The insurance policy in question was taken out by the decedent on the life of his son-in-law, Herbert B. King. I specifically pointed out in my decision that this insurance meant just so much of the expenses of the household of the insured and beneficiary covered as they might themselves otherwise expend on insurance. It is a saving to the insured of the amount of the premiums which he might otherwise be required to pay, and since Herbert B. King is the insured and receives the benefit of this provision of the will, the order has properly reported this item as taxable against him.

Submit order, on notice, in accordance with this decision.