HENRY BLANCHARD *vs.* SAMUEL O. BLANCHARD & others.

A testator, after devising to his wife all the income of all his real and personal property during her natural life, devised to five of his children as follows: "all the property both real and personal that may be left at the death of my wife, to be divided equally between the last five named children. And provided, furthermore, that if any of the last five named children die before my wife, then the property to be equally divided between the survivors." *Held,* that the children named took vested remainders.

PETITION FOR PARTITION, in which the petitioner claimed two undivided fifth parts of the estate described. At the trial in the superior court the following facts were proved.

William Blanchard, the former owner of the premises, died in 1840, leaving a widow and ten children; and his will, after a devise to his wife of all the income of all his real and personal property during her natural life, contained the following clause: "Thirdly, I give and bequeath to my beloved daughter Elizabeth Ford Blanchard, to my daughter Mary Jane Blanchard, to my daughter Anna Dawson Morrison Blanchard, to my son Henry Blanchard, and my son Samuel Orne Blanchard, all the property both real and personal that may be left at the death of my wife, to be divided equally between the last five named children. And provided, furthermore, that if any of the last five named children die before my wife, then the property to be equally divided between the survivors, except they should leave

issue, in that case to go to said issue, provided the said issue be legitimate." The testator's widow died in 1857. The share of the daughter Mary Jane was conveyed to the petitioner by deed dated May 24, 1858. The petitioner, by deed dated July 25, 1842, conveyed to his mother all his right, title and interest in and to the real and personal estate of his late father.

Upon these facts, *Rockwell*, J., ruled that Henry Blanchard took no interest in the premises, under his father's will, which he could convey in the lifetime of his mother, and that his deed to his mother conveyed no interest therein, and that he was entitled to hold two fifths of the premises; and the jury found a verdict accordingly. The respondents alleged exceptions.

*D. S. & G. F. Richardson*, for the respondents, cited *Richardson* v. *Noyes*, 2 Mass. 56; *Ray* v. *Enslin*, Ib. 554; *Pells* v. *Brown*, Cro. Jac. 590; 4 Kent Com. (6th ed.) 274, and note; *Smither* v. *Willock*, 9 Ves. 233; 2 Cruise Dig. Tit. 16, c. 1, §§ 8, 9, 40, 41; 1 Fearne on Rem. 216; *Ide* v. *Ide*, 5 Mass. 500; *Hall* v. *Chaffee*, 14 N. H. 215; *Porter* v. *Bradley*, 3 T. R. 143; *Roe* v. *Jeffery*, 7 T. R. 589; *Doe* v. *Wetton*, 2 B. & P. 324; *Robertson* v. *Wilson*, 38 N. H. 48; Gen. Sts. c. 90, § 37; c. 89, §§ 4, 5, 6.

*E. Ripley*, for the petitioner.

HOAR, J. The will of William Blanchard devised to his wife Elizabeth all the income of all his real and personal property during her natural life, and then devised as follows:

" Thirdly, I give and bequeath to my beloved daughter Elizabeth Ford Blanchard, to my daughter Mary Jane Blanchard, to my daughter Anna Dawson Morrison Blanchard, to my son Henry Blanchard, and my son Samuel Orne Blanchard, all the property both real and personal that may be left at the death of my wife, to be divided equally between the five last named children. And provided, furthermore, that if any of the last five named children die before my wife, then the property to be equally divided between the survivors, except they should leave issue, in that case to go to said issue, provided the said issue be legitimate." The testator had ten children, all of whom survived the wife.

The principal question presented by the exceptions is, whether

Henry Blanchard, during the life of his mother, took a vested or contingent interest in the real estate of his father, included within the terms of the devise.

The language used is not wholly free from ambiguity; and the case certainly comes very near the dividing line between vested and contingent remainders. It does not seem probable that the testator, or the person by whom the will was drawn, had any very distinct notions or purposes upon the subject; and the expressions employed are such, that, among the great multiplicity and variety of adjudged cases, some may undoubtedly be found which would countenance either construction.

The gift of the income of real estate for life is a gift of a life estate in the land. *Blanchard* v. *Brooks*, 12 Pick. 63. The devise to the children was therefore of a remainder, vested or contingent, or an executory devise. It is a settled rule of law, that a gift shall not be deemed to be an executory devise if it is capable of taking effect as a remainder; and it is equally well settled, that no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested. *Blanchard* v. *Brooks, ubi supra.* 4 Kent Com. (6th ed.), 202. *Shattuck* v. *Stedman,* 2 Pick. 468. *Doe* v. *Perryn,* 3 T. R. 484 & 489, note. We must then consider whether there is anything in the language of this devise which shows an intention to postpone its vesting until the death of the mother.

The first clause of the devise to the children is certainly sufficient, if it stood alone, to create a vested remainder in all the children. The words descriptive of the property, " all the property both real and personal that may be left at the death of my wife," are used inartificially, and in their ordinary sense would have no proper application to the devise which the testator was making. As he had only given to his wife the income of the estate for her life, all the property would be left at her death. But even if we may suppose that it was in the testator's mind that some part of the principal of the personal estate might be lost or consumed while his wife was enjoying the income of it, undoubtedly all the real estate must be left at her death. The words " that may be left " add nothing, therefore, to the mean-

ing, unless they may be regarded as expressing the idea of devising all the estate remaining after the wife's estate for life. It would then stand as the ordinary case of a devise to the wife for life, remainder in fee to the five children at her death, to be equally divided between them. There would be by such a devise, according to all the authorities, a vested remainder created in them as tenants in common. It would vest at once in interest, though not in possession. There are no words of contingency, such as, "if they shall be living at her death," or "to such of them as shall be living," the usual and proper phrases to constitute a condition precedent; but a direct gift of all the property left after the life estate previously carved out. The difficulty arises from the remaining sentence, which is a proviso containing a limitation over of the estate thus devised to the children respectively, upon the contingency of either of them dying before their mother, either with or without issue. Although this is in the form of a proviso, yet there are numerous cases in which a limitation thus expressed has been held to qualify in its inception the interest or estate before devised, and to make that contingent which would otherwise have been vested. And there is no doubt that if the effect of this clause is to limit the remainder to such of the children named as should survive their mother, then it is a contingent remainder. And this is the construction urged on behalf of the petitioner.

But if, on the other hand, it can be regarded as a devise in fee to the five children, subject to be divested upon a condition subsequent, with a limitation over on the happening of that condition, then the children named took a vested remainder in fee; the limitation over would have taken effect, if at all, only as an executory devise; and, as the contingency never happened, the fee became absolute.

Four cases only were cited by the counsel for the petitioner in favor of the former construction. *Doe* v. *Scudamore*, 2 Bos. & P. 289, was the case of a devise to G. L., the testator's heir at law for life, and from and after his death to C. B., her heirs and assigns forever, in case she should survive and outlive the said G. L., but not otherwise, and in case she should die in the

lifetime of the said G. L., then to G. L., his heirs and assigns forever; and it was held that the devise to C. B. was of a contingent remainder. There the words of the gift made it expressly, and in the first instance, dependent upon the contingency.

In *Moore* v. *Lyons*, 25 Wend. 119, a devise to one for life, and from and after his death to three others or to the survivors or survivor of them, their or his heirs and assigns forever, was held, in the court of appeals, to give a vested interest to the remainder-men at the death of the testator — the words of survivorship being construed to refer to the death of the testator, and not to the death of the tenant for life. It had been conceded in the supreme court that, if the survivors at the death of the tenant for life had been intended, the remainder would have been contingent. Here, too, the survivorship directly qualified the gift, and it was not easy to regard it as a subsequent condition to an estate previously given. But Chancellor Walworth, in this case, was of opinion that the remainders would have been vested, even if the words of survivorship had been taken to refer to the death of the tenant for life; and states the rule to be, that "where a remainder is so limited as to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainder-man is *in esse* and ascertained; provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession. Yet, if the estate is limited over to another in the event of the death of the first remainder-man before the determination of the particular estate, his vested estate will be subject to be divested by that event, and the interest of the substituted remainder-man, which was before either an executory devise or a contingent remainder, will, if he is *in esse* and ascertained, be immediately converted into a vested remainder."

In *Hulburt* v. *Emerson*, 16 Mass. 241, the devise was to the testator's son John, his heirs, executors and assigns, subject to the payment of a legacy; but in case John should leave no male issue, then one half to be equally among his children, and

the other half equally among all the surviving children of the testator. This was held to give John an estate in tail male, with contingent remainders over; and that the surviving children were such as should be living whenever John died without male issue. No reasons are given by the court for the latter opinion, nor authorities cited to support it; and the heirs of the children who survived the testator, but did not survive John, were not parties to the suit.

The case of *Olney* v. *Hull*, 21 Pick. 311, is the remaining case and perhaps the strongest in favor of the petitioner. The devise was to the testator's wife so long as she remained his widow; and should she marry or die, then to be equally divided among his surviving sons, with each son paying sixty dollars to his daughters, to be equally divided among them, as soon as each son might come in possession of the land. This court decided that no estate vested in the sons until the death of the widow; and in the opinion great stress is laid upon the provision that, " should the wife marry or die, the land *then* should be equally divided among the surviving sons," as indicating that the survivorship had reference to the death or marriage of the widow. But the difference between that case and the case at bar is this, that in the former the devise is made upon the contingency, while in the latter it is first made to the devisees by name, and the contingency appears only in a subsequent provision, which may consist as well with the previous vesting of the remainder.

And we are all of opinion that the case before us falls within another class of cases, which it more nearly resembles, and where the devise has been held to create a vested interest, determinable upon the happening of the contingency.

Such a case was *Bromfield* v. *Crowder*, 1 New Rep. 313, where the testator devised to A. for life, and after her death to B. for life, and at the decease of A. and B., or the survivor, gave all his real estate to C., if he should live to attain the age of twenty one; but in case he should die before that age, and D. should survive him, in that case to D. if he should live to attain twenty one, but not otherwise; but in case both C. and

D. should die before either of them should attain twenty one, then to E. in fee. It was held by all the judges of the common pleas, that C. took a vested estate in fee simple, determinable upon the contingency of his dying under the age of twenty one years — the intention of the testator being apparent to make a condition subsequent, and not a condition precedent, notwithstanding the use of the word " if." And they relied upon *Edwards* v. *Hammond*, 3 Lev. 132, which was the case of a copyholder who " surrendered to the use of himself for life, and after to the use of his eldest son and his heirs, if he live to the age of twenty one years; provided, and upon condition, that if he die before twenty one, that then it shall remain to the surrenderor and his heirs "; and it was held that, notwithstanding the word " if " in the first clause, the whole showed an intention to create a condition subsequent. *Bromfield* v. *Crowder* was afterwards affirmed in the house of lords.

In *Doe* v. *Moore*, 14 East, 601, a devise of real estate in fee to J. M. when he attains the age of twenty one; but in case he dies before twenty one, then to his brother when he attains twenty one; with like remainders over; was held to give to J. M. an immediate vested interest, and that the dying under twenty one was a condition subsequent on which the estate was to be devested. Lord Ellenborough cited *Mansfield* v. *Dugard*, 1 Eq. Cas. Ab. 195; *Edwards* v. *Hammond; Bromfield* v. *Crowder;* and *Goodtitle* v. *Whitby*, 1 Burr. 228; and said that " these authorities were attempted to be distinguished, on the ground that they were cases of a remainder and not of an immediate devise; but that forms no substantial ground of distinction : the estate vests immediately, whether any particular interest is carved out of it to take effect in possession in the mean time or not."

*Smither* v. *Willock*, 9 Ves. 233, was the case of a bequest of personal estate to the testator's wife for life, and from and after her death to be divided between his brothers and sisters in equal shares; but, in the case of the death of any of them in the lifetime of the wife, the shares of him or her so dying to be divided between all and every his, her, or their children. Sir William Grant decided that the shares vested in the brothers

and sisters, subject only to be divested in the event of death in the life of the testator's widow, leaving children.

But a case more nearly resembling the case at bar is *Doe* v. *Nowell*, 1 M. &. S. 327. There was a devise to J. R. for life, and on his decease to and among his children equally at the age of twenty one, and their heirs, as tenants in common; but if only one child should live to attain such age, to such child and his or her heirs, at his or her age of twenty one; and in case J. R. should die without issue, or such issue should die before twenty one, then over. It was held that the children of J. R. took vested remainders; and Lord Ellenborough said that the case of *Bromfield* v. *Crowder* was very fully considered, and was a conclusive authority.

In *Ray* v. *Enslin*, 2 Mass. 554, the devise was to the wife for life, and after her decease to the testator's daughter and her heirs forever. " But in case my daughter should happen to die before she come to age, or have lawful heir of her body begotten," then one third to his sister and two thirds to his wife, and their heirs forever. It was held that the daughter took a vested estate in fee simple defeasible upon a contingency reasonably determinable. See also *Richardson* v. *Noyes*, 2 Mass. 56.

These cases, with many others depending on a similar principle, seem to us sufficient to show that the devise to Henry Blanchard was of a vested remainder, defeasible on a condition subsequent, which he could convey by deed in the lifetime of his mother. This would be equally true whether his remainder was in fee simple or in tail. Were the other construction to prevail, it would follow that, if the tenant for life should have forfeited her estate by waste, the whole estate would have gone to the heirs at law, which is obviously inconsistent with the whole intention of the testator. At least such would have been the effect of the forfeiture at common law, though in this commonwealth such a consequence has been guarded against by statute. Rev. Sts. *c.* 59, § 7.

The decision of this question renders the other point, respecting the deed of Henry Blanchard to his mother, of no importance. *Exceptions sustained.*