In the Matter of the Petition of JOSEPH KAISER, as Sole Surviving Executor, etc., to Render and Settle His Account as Executor, etc., of WILLIAM J. MURPHY, Deceased, Respondent.

MARY MURPHY, Appellant.

Second Department, June 5, 1925.

Wills — construction — devise to widow and children to be divided equally when youngest child reaches majority, or in case of death before, when next youngest child reaches majority — executor directed to pay from income seventy-five dollars per month for support of widow and family — surplus profit directed to be reinvested — provision for accumulation is invalid under Real Property Law, §§ 61, 96, and Personal Property Law, § 16 — widow and children are entitled to accumulations under Real Property Law, § 63 — provision for accumulation may be ignored without destroying will — suspension of power of alienation until majority of youngest child, or in case of death, until majority of next youngest, not invalid — distribution of principal by executor prior to termination of trust is invalid — executor should be given credit therefor on final accounting — repayment of bank loan proper, but interest not allowed since loan was unnecessary.

The devise of the residuary estate to the widow and children of the testator, to be divided equally among them when the youngest child attained its majority,

or in case the youngest child should die before majority, when the next youngest child reached majority, passed a vested interest to the devisees and legatees.

A provision in the will that the executor should pay from the income of the residuary estate the sum of seventy-five dollars per month for the support of the widow and family, and should invest the surplus income until the termination of the trust, is invalid under the Real Property Law, sections 61 and 96, and the Personal Property Law, section 16, so far as it authorizes the accumulation of the income, for, though an accumulation of income for the benefit of infants is valid, a provision for the accumulation of income for the benefit of a class in which is included an adult is invalid.

The effect, however, in this case is that the accumulated income would pass to the widow and children under section 63 of the Real Property Law, they being the persons entitled to the next eventual estate.

The provision for the accumulation of income may be ignored without destroying the entire will.

The provision for the suspension of the power of alienation until the youngest child reached the age of majority, or in case of his death, until the next youngest child reached majority, is not unlawful, for the effect of the provision is to limit the estate to the lives of the two youngest children, or for the period of the life of one and the minority of the other, and if the youngest child lives to be twenty-one years of age, the estate is then distributable, or in case that child dies before he reaches twenty-one, it is distributable upon the death of the next youngest child, or upon its arrival at the age of twenty-one years.

The distribution by the executor of a portion of the estate on the theory that the provision relating to the trust was invalid, was illegal, and the executor should be surcharged with the amount of the principal he has paid to the heirs, but since those payments were made in good faith and the legatees were of full age, the executor should, upon the final accounting of the estate, have credit therefor or be subrogated to the rights of the legatees to whom payments have been made.

The executor properly repaid a bank loan, of which the estate has had the benefit, but since there was no necessity for the loan the executor will not be allowed the interest thereon.

APPEAL by Mary Murphy from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 5th day of April, 1923, which settles and allows the account of the executor.

*Edward E. Dean* [*Thomas F. Tevlin* and *Francis Cutolo, Jr.*, with him on the brief], for the appellant.

*Robinson, Gresser & Robinson* [*William A. Robinson* of counsel], for the respondent.

JAYCOX, J.:

Upon the accounting before the surrogate, Mary Murphy, William Murphy and Lawrence Murphy appeared by their special guardian and filed objections to the account of the executor. The objections were overruled and the accounts allowed and passed. Since the accounting the appellant became of age. Many of the

objections interposed upon the accounting are not now urged as grounds for reversal. The items now objected to, all but one, relate to payments made to legatees on account of their distributive shares in the estate of the testator. The item of a different character is the repayment of a loan and interest to the Bank of Manhattan Company. The appellant contends that these payments, except the one last mentioned, were made in direct contravention to the terms of the will of decedent. On the other hand, the respondent claims that the will is invalid, in so far as it attempts to establish a trust, and also, in so far as it directed or permitted the accumulation of income for the benefit of a person not an infant.

The testator left him surviving his widow and five infant children. It is conceded that at the time of the death of the testator the widow was of full age. The only provisions of the will which seem to be pertinent to this appeal are the 3d and 7th paragraphs, which read as follows:

"*Third.* After all my debts are paid, I give and devise all my real and personal property which I may die possessed of, equally unto my wife, Jennie Murphy, and my five children, Joseph, Genevieve, Mary, William and Lawrence, share and share alike. The said property to be divided equally among my wife and children upon the event of my youngest child becoming twenty-one years of age, in case of my youngest child dying before arriving at the age of twenty-one years, the property is to be divided when my next youngest living child arrives at the age of twenty-one years."

"*Seventh.* The rents and profits and income my hereinafter named Executors shall receive from my property to be used for the maintenance of my wife and family, they shall regulate the payment of this amount according to the best of their judgment and discretion and said amount shall not exceed the sum of Seventy-five ($75.00) Dollars per month, my Executors may at any time when they see it would be for the best interest my estate, sell any piece or pieces of property of which I may die possessed of, the proceeds of such sale shall be either placed out on bond and mortgage or used to improve the remaining pieces of property which I may have possessed. The same disposition is to be made of any surplus of the profits and rents of the property, after the amounts are paid for the maintenance of my wife and family as stated herein also from whatever personal property I may have possessed."

The two youngest children of the testator are still living and have not yet attained their majority. That the payments have been made out of the principal of this estate is undisputed. The executor shows by affidavit that the reasons which impelled him to pay

$2,246 to one of the children, Joseph M. Murphy, were equitable. He also shows that this payment was less than the share of Joseph in the estate and that he obtained from him a release of all his right, title and interest in and to the estate for the benefit of the other heirs.

The interest given to all of the legatees and devisees of William J. Murphy were vested interests, payment alone being deferred. (*Matter of Trumble*, 199 N. Y. 454; *Sawyer* v. *Cubby*, 146 id. 192.)

The will provides: " The same disposition is to be made of any surplus of the profits and rents of the property, after the amounts are paid for the maintenance of my wife and family as stated herein." Previous to that the will had provided for the investment of the income not necessary to pay the amount stipulated therein, seventy-five dollars monthly for the maintenance of the testator's wife and family. It is clear that this is a provision for the accumulation of the income of the estate. As to this there seems to be no controversy. The income is to be accumulated for the benefit of his wife and children. The wife, concededly, was of full age. Income can be accumulated only for the benefit of infants. (Real Prop. Law, §§ 61,* 96; Pers. Prop. Law, § 16.*) The accumulation for persons other than infants is invalid. (*Cochrane* v. *Schell*, 140 N. Y. 516, 527; *Manice* v. *Manice*, 43 id. 303, 362.) In *Matter of Rogers* (22 App. Div. 428) Mr. Justice CULLEN, writing for this court, said (p. 431): " Our laws forbid accumulation except for the benefit of infants in being during their minority. No principle of public policy declared by our statute law has been more firmly and rigidly upheld by the courts than this inhibition against accumulations. The accumulation must not only be for infants, but it must be exclusively for infants, so much so that if an adult or person not in being is to share in the accumulation, then a trust for the accumulation is void." It is clear that the accumulation provided for in this will was for the benefit of an adult as well as for infants, and, therefore, that provision of the will is void. The effect, however, of this is that the income in this case is payable to the same persons who would have received it at the end of the period if the direction for the accumulation had been valid. The accumulated income goes " to the persons presumptively entitled to the next eventual estate." (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364; *St. John* v. *Andrews Institute*, 191 N. Y. 254, 279.) The rule has been firmly established for a long time in this State that when the several parts of a will are so intermingled or interdependent that the bad cannot be separated from the good, the will must fail

---

* Since amd. by Laws of 1915, chap. 670.— [REP.

altogether; but when it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid, and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be. (*Kalish* v. *Kalish*, 166 N. Y. 368, 375.)   Applying that rule to this case I think we may safely hold that the will, in so far as it directs the accumulation of income, is invalid.   This can be done without destroying the general scheme of the testator.   By the excision of this part of the will it leaves the will in its most prominent features intact.   It gives the estate during the minority of two of his children to the executors and the income is payable to the widow and children.

If the will suspends power of alienation, or suspends absolute ownership, I think the suspension is not for an illegal period. (See Real Prop. Law, § 42; Pers. Prop. Law, § 11.)   The will provides: " The said property to be divided equally among my wife and children upon the event of my youngest child becoming twenty-one years of age, in case of my youngest child dying before arriving at the age of twenty-one years, the property is to be divided when my next youngest living child arrives at the age of twenty-one years."   The trust is limited to the lives of his two youngest children, or for the period of the life of one and the minority of the other, and as I construe the will, if the youngest child lives to be twenty-one years of age, the estate is then distributable; if, however, that child dies the estate is distributable upon the death of the next youngest child or its arrival at the age of twenty-one years, whichever shall first occur.

These views necessarily lead to the conclusion that the trust established by the testator is valid, except in so far as it provided for the accumulation of income therefrom.   The period provided in the will for the distribution of the estate not having yet arrived, the distribution of the estate in so far as made by the executor is illegal, and the executor should be surcharged with the items of principal which he has paid to the heirs.   These payments, however, having been made in good faith and to legatees who are now of full age, upon the final accounting of this estate we think the executor should have credit therefor, or be subrogated to the rights of the legatees to whom payments have been made.   As to the item of $403.32, repayment of a loan to the Bank of Manhattan Company, it is not disputed that the estate has had the benefit of the principal of this loan, and it is proper that it should be repaid by the estate. As, however, the papers on appeal do not show the necessity of such a loan, the item of $3.32 interest is disallowed.

I recommend that the decree of the Surrogate's Court of Queens

county be modified upon the law in accordance with this opinion, and as modified affirmed, with costs to appellant and respondent payable out of the estate.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Decree of the Surrogate's Court of Queens county modified upon the law, in accordance with opinion, and as so modified affirmed, with costs to appellant and respondent payable out of the estate.