In the Matter of the Transfer Tax upon the Estate of ISABEL C. KIRBY, Deceased.

Surrogate's Court, Westchester County, November 5, 1928.

*Reeves, Todd, Ely, Price & Beaty* [*Richard Ely* of counsel], for the executors.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for State Tax Commission.

SLATER, S. On an appeal by executors from the *pro forma* taxing order this court on December 9, 1927, remitted the matter to the tax appraiser to conform to the court's opinion with regard to taxing the principal of a fund held by trustees under a deed of trust dated August 1, 1914. The tax appraiser followed the direction of the court and from such new *pro forma* order, dated June 28, 1928, the State Tax Commission appeals, contending that the interest of Isabelle Craven Midgley under the deed of trust executed by the decedent was not properly valued and is erroneous. Consequently, the court will go into the matter *de novo*, because it is claimed that

the matter was not fully presented upon the prior hearing. In the first instance, the executor appealed to the surrogate on the grounds, among others, that the principal of a certain trust fund created by the decedent on August 1, 1914, amounting at the date of her death to the sum of $48,204.99, had been included as a transfer, subject to taxation. The life estate in said fund, valued at $38,622, had been taxed against said Isabelle Craven Midgley. The court held that the trust fund was not subject to transfer tax.

The decedent died September 22, 1926, and was survived by her granddaughter, Isabelle Craven Midgley. The deed of trust dated August 1, 1914, contained certain recitals, and transferred to trustees $2,500. The donor in 1914 was aged sixty-four years, and the grandchild was aged seven years. The habendum clause in the trust deed was in this form:

" To HAVE AND TO HOLD the same, together with any and all accretions or additions to the principal thereof, to them, the parties of the second part, their successor or successors, IN TRUST NEVERTHELESS for the sole use, benefit and advantage of said Isabelle Craven Midgley, to manage and invest the same, either by depositing the said moneys with said Columbia Trust Company, or other Trust Company, Savings Bank, or otherwise invest the same in their discretion, and during the life time of the party of the first part, to accumulate the income thereof and add the same to the principal of said fund, and from and after the death of the party of the first part, to apply the same toward the support, maintenance and education of said Isabelle Craven Midgley, until she arrives at the age of twenty-one years, provided she shall live so long, and, after she shall have reached the age of twenty-one years, to pay the net income thereof directly to her during her life, and upon her death after the party of the first part or after she shall have reached the age of twenty-one years to pay the entire principal of said fund to whom the said Isabelle Craven Midgley may by her Last Will and Testament, or instrument in the nature thereof, appoint or direct, and in case she die intestate, then to her lawful heirs.

" In the event, however, of the death of the said Isabelle Craven Midgley before the party of the first part, leaving no issue her surviving, then and in that event, the trust hereby created shall terminate and come to an end, and the whole of the principal of said fund hereby transferred, together with all accretions and additions thereto and all accumulations of income thereon, shall revert to, again become the property of, and be paid over to the party of the first part hereto, to be included in her estate and disposed of by her last will and testament. * * * "

The question presented is this: Was the transfer under the trust

deed intended to take effect in possession, or enjoyment at or after the grantor's death? The instant case is not one of those wherein the deed of trust reserves any right or power to the donor. The State Tax Commission proceeds upon the theory that the possession or enjoyment does not take effect until the death of the donor. If this be true, then the contention of the State Tax Commission is correct.

It is still the court's opinion that the State Tax Commission is proceeding upon an erroneous premise in stating that the possession or enjoyment of the property is postponed until the death of the donor. The intention of the donor must be found in the words creating the trust, and one of the tests applied to ascertain the donor's intention is, who gets the possession or enjoyment of the funds? The legal effect of the terms of the trust must be held to be the donor's intention.

The terms of the trust as written are in violation of section 16 of the Personal Property Law (as amd. by Laws of 1927, chaps. 384 and 681)* with regard to the validity of directions for the accumulation of income (*Matter of Hartman*, 126 Misc. 862), and the terms of the written trust are at variance with the recital clauses of the instrument. Consequently, the court must construe the deed of trust and arrive at its legal import.

Accumulation beyond the minority of an infant is void — in the instant case it provides for accumulation during the lifetime of the donor. Trusts for accumulations which will not be paid immediately upon the minor's attaining his or her majority, are void as to that portion which directed the retention of the accumulation in the hands of the trustees after the minority of the beneficiary. Neither may the legal accumulations be added to the corpus. Even if the deed of trust was construed so as to hold that there is no provision made for the payment of accumulated income, it would nevertheless go to the person entitled to the next eventual estate. (*Matter of Kohler*, 231 N. Y. 353, 376; *Matter of Daggett*, 130 Misc. 635.) Such a person is a holder of an equitable interest for life in the entire fund from the time when the accumulation should have come to an end — in this case Isabelle Craven Midgley. (*Pray* v. *Hegeman*, 92 N. Y. 508; *Matter of Hoyt*, 116 App. Div. 217, 222; *Matter of Ziegler*, 82 Misc. 10, 13; *Seligman* v. *Seligman*, 89 id. 194, 204; *Matter of Murphy*, 213 App. Div. 319.) Accumulations vest in a minor immediately and, if he die during his minority, the accumulations become a part of his estate. (*Smith* v. *Campbell*, 75 Hun, 155; *Smith* v. *Parsons*, 146 N. Y. 116; *Matter of Keogh*, 112 App. Div. 414, 418.)

---

* Section amended by Laws of 1928, chap. 172.— [Rep.

The law eliminates the defective parts of the deed of trust, and in the light of the court's construction, the legal trust is as follows: In trust, nevertheless, for the use of Isabelle Craven Midgley to accumulate the income thereof during her minority, and to apply the accumulations to the support, maintenance and education of said minor until she arrive at the age of twenty-one years, and after she shall have reached the age of twenty-one years, to pay the net income of the corpus of the trust to her during her lifetime. Upon her death after she shall have reached the age of twenty-one years, to pay the said trust fund in its entirety to whom said infant may by her last will and testament, or instrument, appoint, or direct, and in case she die intestate, then to her lawful issue. In the event, however, of her death before the death of the donor leaving no issue her surviving, the trust shall terminate, and the principal of the same, not including any accumulations thereof, shall become the property of the donor.

The court restates its former opinion " that both possession and enjoyment of the fund passed from the donor. The granddaughter acquired no new, or additional interest by the death of the decedent, and no right passed at the death of the donor."

Possession under the terms of the trust passed to the trustees for the beneficiary. The infant succeeded to the donor's interest on August 1, 1914, in enjoyment. The enjoyment passed to the granddaughter by virtue of the accumulations. The payment of the accumulations need not be deferred. They could be applied for the infant's support, maintenance and education. A legal accumulation is the withholding of the income of a minor for the purpose of creating an increased fund. (*Matter of Davidge*, 200 App. Div. 437, 440.) The granddaughter had a vested estate in the accumulations which would pass under the laws of intestacy or the law of wills. The enjoyment of said accumulations was hers. Such enjoyment flows from the estate in possession. The word " enjoyment " as used in the law must be construed to be a term of general description and to be held as any benefit. The character of the enjoyment was the accumulation of the earning power of the corpus, and being vested with it, she had it in enjoyment. In the instant case, to possess is to enjoy. (Rogets Thesaurus, Synonyms.) Some one must legally enjoy the estate. It was not enjoyed by the donor, nor by the trustees. Who did enjoy it? Of course, the minor enjoyed it. The enjoyment was not delayed, nor intended to be delayed. The donor completely divested herself of legal title and beneficial ownership in 1914, subject only to a possible reversion, which in fact never operated. The transfer was rendered complete and effectual August 1, 1914. The right

of the beneficiary did not depend upon the death of the donor. The right to tax is denied the State.

In *Matter of Masury* (28 App. Div. 580, 583, 584) Mr. Justice WOODWARD, writing for the Second Department, after reciting the terms of the trust, the particular one bearing date December 1, 1892, said: " Clearly, there is nothing in this to indicate that it is ' intended to take effect, in possession or enjoyment, at or after such death; ' it is specially provided that the income shall be paid to the guardian of the beneficiary until he shall be of age, when the income is to be paid to him personally, and this whether the donor is living or dead. * * * And if we are to get at the intention of the grantor from the language used in raising the trust, then there can be no doubt that John W. Masury intended this deed of trust to become of full effect whether he lived or died, and the detail with which he provided for the disposal of the property in the event of the death of his grandson precludes the idea that he had any other motive in retaining the right to annul the deed than a prudent caution would suggest. * * * We must conclude that the title to the property passed to the trustee, and that it constituted no part of the property of the said John W. Masury at the time of his death."

And so in the instant case. (*McCormick* v. *Commissioner of Internal Revenue*, Board of Tax Appeals, U. S. Daily, Sept. 26, 1928; *Matter of Cochrane*, 117 Misc. 18; affd., 202 App. Div. 751; *Matter of Bowers*, 195 id. 548; affd., 231 N. Y. 613; *Matter of Masury*, *supra;* affd., 159 N. Y. 532; *Matter of Carnegie*, 203 App. Div. 91; affd., 236 N. Y. 517; *Matter of Wing*, 190 N. Y. Supp. 908; *Matter of Voorhees*, 200 App. Div. 259.)

The taxing order dated June 28, 1928, is affirmed.