## In re MOSES.

(Surrogate's Court, New York County.   July 18, 1914.)

WILLS (§ 630*)—LEGACIES—CONSTRUCTION—VESTING OF LEGACY—MARRIAGE.

A bequest to testator's daughters living and unmarried at the time of his death, to be paid to them severally on their marriage, vested in the legatees, though unmarried, at testator's death, and hence, on the death of one of the daughters unmarried after testator's death, the legacy passed to her personal representatives.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1464–1480, 1486, 1487; Dec. Dig. § 630.*]

Judicial settlement of the account of Fannie Moses, as administratrix with the will annexed of Samson Wallach, deceased.   Contest over the bequest of $5,000 to testator's daughter, who died after his death unmarried.   Bequest directed to be distributed to the legatees' legal representatives.

Austin, McLanahan & Merritt, of New York City, for administratrix.

Mervyn Wolff, of New York City, for Adelaide Wallach and others.

Gross & Sneudaira, of New York City, for executors of William Hyams.

Leventritt, Cook & Nathan, of New York City, for Rita W. Morgenthau and others.

Mark Goldberg, of New York City, special guardian.

FOWLER, S.   This will was before me I find on a distinct point on a prior accounting.   82 Misc. Rep. 330, 143 N. Y. Supp. 700.   The question presented on this accounting is whether or not a bequest of $5,000 was vested in the legatee, although Miss Lena Wallach, the legatee, died before the time fixed for its payment.   By the second paragraph of the will the testator gave to each of his unmarried daughters living at the time of his death a bequest of the sum of $5,000.   The bequest is in the following words:

"I hereby give, devise and bequeath unto each of my daughters living and unmarried at the time of my death the sum of $5,000 to be paid to them severally upon their marriage."

Lena Wallach, a daughter of the testator, was living at the time of his death; but died subsequently unmarried.   It is the legal effect of the bequest of $5,000 bequeathed by her father's will that is involved in this accounting.   The question now arises between the legatees claiming under the residuary clause of the will of Samson Wallach and the personal representatives of Lena Wallach claiming adversely to them.   The first words of the bequest, "I hereby give, devise and bequeath," would ordinarily constitute a gift absolute to the legatees, and direct, as appears from the words following, "unto each of my daughters."   Ordinarily where a gift is direct and absolute, but the time of payment is deferred to the future, the legacy vests in the legatee at the death of the testator unless time is annexed to the substance of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gift (Warner v. Durant, 76 N. Y. 133) or a contrary intent appears by reason of other paragraphs in the will. This is a well-established rule of construction, but it does not quite cover this case.

There seems to be no real contention by counsel in this matter that the bequest of $5,000 to Lena Wallach was not vested. No brief is submitted that it was not vested. The only brief submitted claims that the bequest is vested, but the authorities cited to that end are only indirectly in point, and I myself have grave doubts, although I shall for the present, but only for the reason stated hereafter, hold the bequest to be vested. But I wish it understood that I recognize there is a good deal more to be said on the point of law involved than appears in the brief submitted to me. The leading case of Atkins v. Hiccocks is not noticed by counsel. It was held by Lord Hardwicke in the year 1737, in a decision which, under the principle of Manning v. Manning, 1 Johns. Ch. 527, is res adjudicata here, that a bequest to be paid on marriage differs from a bequest payable on attaining majority, and that a bequest to A. to be paid on her marriage was contingent on marriage, and, as A. never married, her representatives were not entitled. Atkins v. Hiccocks, 1 Atk. 500. But a bequest to A. to be paid on his marriage, with interest in the meantime, was subsequently held in England to be vested (Vize v. Stoney, 1 D. & War. 337), following a distinction adumbrated in Atkins v. Hiccocks. Warner v. Durant, 76 N. Y. 133, proceeds on the same reasoning adopted in Vize v. Stoney.

In Loder v. Hatfield, 71 N. Y. 92, the Court of Appeals did not, I think, in principle really follow the rule in Atkins v. Hiccocks. It is true that the court did not refer to Atkins v. Hiccocks; but I cannot assume that that high tribunal overlooked it. Indeed, they cite with approval a case in the following volume of the same reports. The bequest in Loder v. Hatfield was also payable on a marriage which was never consummated, and yet it was with evident labor held to be vested. To be sure in Loder v. Hatfield the bequest was to daughters "and their heirs forever," and in the decision the court laid great stress on the latter words, thus convincing me that they had considered Atkins v. Hiccocks or the principle there involved. The general reasoning of the opinion in Loder v. Hatfield and the fact that the court ignored Atkins v. Hiccocks, although noticing with approval a decision of Lord Hardwicke's in the following volume of the same reports, induces me to believe that the Court of Appeals deliberately did not intend to follow in principle Atkins v. Hiccocks. Were it not for that assumption I should feel at liberty to follow Atkins v. Hiccocks on the precise facts before me, as the reasoning of Lord Hardwicke would seem to me to be incontrovertible, provided the question were now res integra in this jurisdiction. The facts in Loder v. Hatfield, to be sure, differ in some slight particulars from those in this case; but the principle broadly announced covers, I think, this case. The bequest of $5,000 to Lena Wallach will therefore be adjudged vested on the strength of Loder v. Hatfield, and consequently payable to the legal representatives of Miss Wallach.

Decree accordingly.