In the Matter of the Estate of KATIE ETTENHEIMER, Deceased.

Surrogate's Court, New York County, February 11, 1929.

*J. Robert Rubin*, for the petitioner.

*J. Robert Rubin*, for the testamentary trustee.

O'BRIEN, S. In this accounting proceeding a question is raised as to the disposition of a fund which is held by the accountant for the benefit of a granddaughter of the testatrix under the 10th paragraph of the will which reads as follows:

" *Tenth.* I direct my trustees to set aside from my said estate the sum of Two Thousand Dollars ($2,000.00), to hold the same in trust, and to accumulate the net rents and income therefrom during the minority of my granddaughter, Katherine Salsbury, and to transfer and pay over to her the principal thereof with such accumulations when she shall attain the age of twenty-one (21) years."

Katherine Salsbury died before reaching her majority and the

question is asked whether or not upon her death this fund became part of the residue of the estate of the testatrix, or passed to Katherine's estate. While the word " trust " is used in this 10th paragraph, it does not appear that a trust was intended. The gift is an ordinary legacy which vested immediately in the legatee upon the death of the testatrix but with the time of its payment postponed until the legatee shall attain her majority, provision being made that in the meantime all the income be accumulated and be paid over to the legatee with the principal upon her reaching majority. (*Warner* v. *Durant,* 76 N. Y. 133.) This legacy together with the accumulation of income thereon should, therefore, be paid to the administrator of the deceased legatee. By reason of this decision it is not necessary to consider paragraph 13 of the will which disposes of the residuary estate of the testatrix. Proceed accordingly.