In the Matter of the Petition of ARTHUR BALSAMO and GUGLIELˆ MINA BALSAMO OLIVOLA to Render and Settle Their Account as Executor and Executrix of ROSINA BALSAMO, Also Known as ROSA BALSAMO, Deceased.

Surrogate's Court, K ngs County, March 14, 1930.

*Wechsler & Wechsler*, for the petitioners.

*James E. Joyce*, for the objectants.

*Matthew T. Abruzzo*, special guardian for several infants.

WINGATE, S. This is an application for a construction of the 10th and 12th items of the will of Rosa Balsamo, which was admitted to probate by this court on December 7, 1927. So far as here material, these provisions read:

"*Tenth.* I give and bequeath to my beloved grandson Saverio Paladini the sum of Five hundred ($500.00) Dollars, which sum however, I direct my executors to deposit in a Savings Bank in the name of my said grand son, who will not be allowed to draw any part of it until he reaches the age of twenty-one years."

Item 12th devises and bequeaths five-eighths of the residue to five named individuals and then continues: "The remaining three-eighths (⅜) of my said estate mentioned in this paragraph, I give, devise and bequeath to my beloved sons Robert and Virginio Balsamo equally share. and share alike upon their marriage or if they do not get married when each has reached the age of thirty-five years. I direct my executors that said three-eighths of my estate be deposited in a savings bank in the name of my two said sons Robert and Virginio and be paid to them as specified above with the exception that my executors pay unto my two said sons Robert and Virginio the sum of one hundred dollars each on account of their share of the inheritance."

The sons, Robert and Virginio, are both adults.

Considering, first, the 10th item, it is noted that there is here an express gift *in præsenti* to the infant grandson with the manner of payment specified. There is an implied direction for an accumulation of income during the minority of the grandson, which is valid. (Pers. Prop. Law, § 16, subd. 2, as amd. by Laws of 1928, chap. 172). The only difficulty presented in the construction of this item concerns the concluding words "who will not be allowed to draw any part of it until he reaches the age of twenty-one years."

This phrase is susceptible of three possible constructions, *first*, as a statement of testatrix's belief as to the legal and practical effect of depositing the legacy in the manner directed; *second*, by reading the word "will" as "shall," implying a prohibition of such use; and *third*, in a precatory sense, evidencing the wish of the testatrix that neither the principal nor income be used.

If the first possibility be adopted as correct, it can merely be said that testatrix was incorrect, since the infant himself could so withdraw it. On the second hypothesis, the direction might or might not be respected by the courts, depending entirely on future eventualities and the demonstrated necessities of the beneficiary. It it be considered only as an inconclusive expression of desire, it would probably be given a certain amount of consideration by the court upon an application to apply the fund for matters which were not absolute essentials for the welfare of the legatee.

Since it is apparent that the testatrix intended, so far as possible, to prevent any invasion of the principal or income prior to the time her grandson attained his majority and the only method by which

this result is reasonably possible of attainment is by construing this as a gift in trust, that construction is adopted.

The provision of item 12th is rather more troublesome. In this instance, the gifts to Robert and Virginio are expressly limited upon two events, *first*, their respective marriages, or, *second*, their attaining the age of thirty-five years. To these limitations the law adds, in addition, that the conditions shall terminate and the funds vest in possession on the death of the respective sons. (*Matter of Perkins*, 245 N. Y. 478.) On the other hand, there is a direction for deposit in a savings bank account in their names, subject to payment pursuant to such limitations. Obviously, these directions, on their face, are irreconcilably inconsistent.

There is the further difficulty with the direction that, if literally followed, there would be an illegal accumulation of the income on the savings bank accounts. (Pers. Prop. Law, § 16, as amd. by Laws of 1928, chap. 172; *Matter of Dexter*, 134 Misc. 195; *Matter of Hollenbeck*, Id. 554; *Matter of Storey*, Id. 791; *Manice* v. *Manice*, 43 N. Y. 303, 376–385.)

The intention of testatrix is, however, manifest. She wished to divide the residue of her estate among her children, giving one-eighth thereof at once to each of the five mentioned in the first part of item 12th, giving $100 each to Robert and Virginio at once, but placing the conditions upon their absolute receipt, respectively, of three-sixteenths less $100, that they should marry or attain the age of thirty-five years. Under these conditions, it will be held that Robert and Virginio took vested interests subject to divestment in the event of death, unmarried, prior to attaining the age of thirty-five years. (*Foote* v. *Peaslee*, 206 App. Div. 329, 332; affd., 237 N. Y. 586; *Everitt* v. *Everitt*, 29 id. 39, 75; *Goebel* v. *Wolf*, 113 id. 405; *Matter of Ettenheimer*, 133 Misc. 717; *Matter of Purdy*, Id. 217.)

On the other hand, since the estates are only contingently vested, it would obviously be improper to make the absolute payment to them which would result from a savings bank deposit in their names without limitation. The only practicable manner of giving effect to testatrix's intention, therefore, is to determine that such sums shall be deposited by the executors in their own names as trustees for the respective sons, the principal to be paid to the sons on the fulfillment of the conditions precedent to beneficial enjoyment.

For the reasons stated, the income on these trust deposits cannot be accumulated. On the other hand, they have not been validly bequeathed by any express provisions of the will. However, were it to be held that this income passed as intestate property, it would defeat testatrix's apparent plan of equality between the natural

objects of her bounty, which construction is always favored where possible. (*Matter of Harden*, 177 App. Div. 831, 835; affd., 221 N. Y. 643; *Matter of Berbling*, 134 Misc. 730; *Matter of Andrews*, 133 id. 365.) The parts of the residue conditionally bequeathed to these sons are described by testatrix as " their share of the inheritance." In view of the evident intention expressed in the will and the fact that the principal sums are conditionally vested in the legatees, the income should be paid to them, respectively, pending the absolute vesting of their estates.

The testatrix contemplated that all duties in this regard should be performed by her executors. They should, therefore, qualify as trustees. Since security from them was waived in the will, no bond will be required for performance of their duties in the trust capacity.

Proceed accordingly.