In the Matter of the Estate of HARWOOD BYRNES, Deceased.

Surrogate's Court, New York County, September 12, 1931.

*Hughes, Schurman & Dwight* [*Charles E. Hughes, Jr.,* and *Ernest L. Wilkinson* of counsel], for the petitioner Margaret M. Byrnes.

*Simpson, Thacher & Bartlett* [*H. Clinton Corwin* and *Walter E. Beer, Jr.,* of counsel], for Yale University.

*Taylor, Blanc, Capron & Marsh* [*Mansfield Ferry* and *Harry A. Leigh* of counsel], for City Bank Farmers Trust Company and Ronald N. Byrnes, as executors and trustees.

*William J. O'Shea, Jr.,* special guardian.

Foley, S. This proceeding is a novel one because it arises out of the recent change in our inheritance laws which gives the surviving wife the right, in certain cases, to elect to take a share of the deceased husband's estate as against the terms of his will. This new right of election was created by section 18 of the Decedent Estate Law, which was added to that statute by chapter 229 of the Laws of 1929. There was also enacted new section 145-a of the Surrogate's Court Act which created a method of procedure by which controversies arising over the right of election might be determined by the surrogate after all the persons interested in the outcome had been cited. The present proceeding is brought by the widow under that section.

The provisions of new section 18 of the Decedent Estate Law confer the privilege upon the maker of a will to provide certain forms of benefit for his wife. Minimum requirements are fixed. If these benefits are given, the surviving wife cannot exercise the right of election to take against the will and its terms stand. If the testator gives to her less than the statutory requirements, the widow may elect to take certain benefits defined in the section. In some cases she may take the difference between what her husband has given her and the share which the section fixes. Where the will entirely fails to comply with the statutory plan, or where she is completely disinherited, she may take all the statutory benefits outright.

In the pending estate the will of Mr. Byrnes was executed on January 30, 1931. The instrument having been executed after August 31, 1930, is made subject to the widow's rights by virtue of the provisions of the new law. All wills executed on or before August 31, 1930, are exempt from the application of the statute. Mr. Byrnes left surviving his widow and a brother as his next of kin. It is undisputed that he gave somewhat more than one-half of his estate in trust, with income, to his wife. If this trust had been a simple one for the life of the wife and the income had been given to her without condition for its earlier termination, the will

would have satisfied the statutory requirements and the widow would have been barred from her election. The controversy arises because of the condition which the testator attached to the trust provisions of the will that the income be paid to the wife " during her life *or until her remarriage.*" The question here is whether the condition for the termination of the wife's income in the event of her remarriage prevents her from electing to take her statutory share of the estate as against the terms of the will. I hold that it does not.

Section 18 of the Decedent Estate Law clearly requires that the life estate — equitable or legal — for the wife must be subject to no condition or contingency by which it may be terminated during her lifetime. The purpose of the New York State Commission appointed to Investigate Defects in the Laws of Estates and the intent of the Legislature which accepted its report and enacted its recommendations are plain.

The reasons for the enactment of the new section may be found in the Report of the Commission (Legislative Document No. 69, 1930). Briefly summarized, the dower of the wife in real estate was abolished as illusory and inadequate and a burdensome restraint on conveyances. A more substantial substitute was provided. The previous law gave no protection, especially in estates composed of personal proprty, to the wife against an unjust husband. Disinheritance of the wife was possible and when it occurred she was left without redress. A delinquent husband, in his lifetime, might be compelled by the law to support his wife. Upon his death his estate was freed from any obligation to her. Many other States had provided effective rights for the surviving spouse. The Commission's report also shows its consideration of the legislation of these States dealing with the right of election. The Pennsylvania statute gave an absolute right to the surviving wife to take *outright* her intestate share, regardless of the terms of the will. The statute of that Commonwealth provided for no forfeiture by reason of the subsequent remarriage of the widow. Massachusetts and Connecticut gave the wife the right to elect to take a certain part of the estate (excluding a relatively small outright provision for her) upon a statutory trust for her life. It is also significant that the statutes of these two States, in case of the exercise of her election, provided for an unconditional estate for the life of the widow. No mention is made of remarriage. If she elects to take her share, her income on the statutory trust continues after remarriage. In the preparation of the New York legislation of 1929 a new plan was adopted differing from Pennsylvania, Connecticut and Massachusetts. The law of those States made the election a matter of

absolute discretion with the wife. The New York statute gives the husband the first choice. If he provides what the law regards as an adequate recognition of his wife, the will cannot be attacked, and the wife cannot elect. He may thus create for his wife a trust or legal life estate and he may dispose of the remainder as he pleases, subject, of course, to the limitations as to the gifts to charity contained in section 17 of the Decedent Estate Law (as amd. by Laws of 1929, chap. 229).

The mistake here was that of the testator, or the draftsman of his will, in ignoring the terms of new section 18 of the Decedent Estate Law. Thus in paragraph (b) of subdivision 1 of that section, reference is made to the creation of a trust " with income thereof payable to the surviving spouse for life." Paragraph (d) refers, in its application to a surviving spouse, to " a trust for his or her benefit for life." Similar language is found in paragraphs (e) and (g). If the condition against remarriage may be included in the trust provisions, other methods to defeat the life interest of the wife and to frustrate the protection which the statute gives her, may be devised. Examples of such conditions or contingencies occur not infrequently in wills — contingencies limited upon her personal habits, restraints against her living in certain places, and the more effective weapon of a grant of discretion to trustees, possibly hostile to the wife, to terminate her income at their pure personal pleasure. All these forms of defeasance were anticipated and guarded against in the new statute. Under it the beneficial interest of the life tenant of the trust, or the legal life estate, or the annuity must be for the duration of her life without any condition or contingency whatsoever. Where the will contains any such condition, the testator's efforts to nullify the exercise of the wife's right of election wholly fail. In addition to the plain language of section 18 of the Decedent Estate Law, referred to above, further evidence of the intention to preclude a condition against remarriage may be found in Surrogate George A. Slater's address to the New York State Bar Association, explaining the work of the Commission, delivered before the introduction of the final draft of the legislation. (Legislative Document No. 69, 1930, p. 283.) He was a member of the Commission. In it he said, " to those who make wills and condition the gift to the wife upon terms that will not permit her remarriage, the report of the Commission naturally will not strongly appeal."

A specific declaration of the intent of the Legislature in the creation of the new statutory right of election is found in section 20 of chapter 229 of the Laws of 1929, which enacted these changes. It is there declared that the intention of the Legislature was " to

increase the share of a surviving spouse in the estate of a deceased spouse, either in a case of intestacy or by an election against the terms of the will of the deceased spouse thus enlarging property rights of such surviving spouse; * * * and such provisions shall be liberally construed to carry out such intention." That mandate should be given vigorous support and the new right should not be whittled down by the ingenuity of the draftsman of a will or by the design of the husband to deprive the wife of her lawful rights.

Certain decisions are cited by those opposing the widow's contentions here dealing with the treatment of a " life estate until remarriage " as a life estate, or with the method of valuing such an estate in transfer tax proceedings. These cases have no application to the pending controversy because they are governed by the language of the particular statute involved or by the context of the will construed. The specific statute here must be interpreted in the light of its own terms and in accordance with the accompanying declarations of intent. (*Matter of Mihlman*, WINGATE, S., 140 Misc. 535.)

I hold, therefore, that the will runs counter to the law, that it fails to provide the statutory benefits for the widow, that the inclusion of the condition against remarriage destroys the statutory immunity of the will against attack, and that the trust, with this condition, cannot frustrate the right of the widow to exercise her election.

I hold further that the widow may elect to take outright her statutory share, that is, not " more than one-half of the net estate of the decedent, after the deduction of debts, administration expenses and any estate tax." Where there is a child, the testator is required to provide for the wife one-third of the net estate, either outright or in trust. If the will does not comply with this requirement, the widow is limited to an election to take not more than one-third of the net estate. In this estate since there was no child or parent of the decedent, the widow, in case of absolute intestacy, would have been entitled to $10,000, plus one-half of the residue of the estate. (Dec. Est. Law, § 83, subd. 4, as amd. by Laws of 1929, chap. 229.) But under the plan of the statute the amount which she may elect to take is restricted to not more than one-half of the net estate. (Dec. Est. Law, § 18, subd. 1, ¶ [a].)

The *in terrorem* clause in the will is futile to prevent her election. She may waive her statutory rights by written instrument in the appropriate manner set forth in the new section. She may be deprived of them by certain delinquencies; by her abandonment

of the husband, or by a decree of divorce or separation in certain cases. She cannot be precluded by a prohibition in the will forbidding any beneficiary to contest its terms.

The statute provides that " the terms of the will shall as far as possible remain effective " (§ 18, subd. 2). The effect upon the terms of the will of the withdrawal of her elective share by the widow is reserved for the accounting or some other proper proceeding.

Submit decree on notice accordingly.