In the Matter of the Estate of JULIA A. HALL, Deceased.

Surrogate's Court, Broome County, June 14, 1935.

*Ralph L. Emmons*, for the executors.

*Vere H. Multer*, for Myrtis L. Marvin.

*Clarence L. Chamberlain*, special guardian of Joyce E. Marvin and another, infants.

BAKER, S. Proceeding for construction of the last will and testament of Julia A. Hall, deceased, and particularly the fourth paragraph thereof which is as follows:

"*Fourth.* The disposition of my real and personal property as follows: To my daughter, Myrtis L. Marvin, all my household effects as far as she wants at my death or within thirty days therefrom. Then the balance of my personal property and all my real property to be sold at the best advantage and the proceeds thereof to be placed as follows: First, the sum of Fifty Dollars ($50.00) I hereby will to my daughter Myrtis L. Marvin. Then * * * The balance of such proceeds together with the income or principal of any and all bonds or mortgages outstanding payable to me or my heirs shall be placed in a good and substantial bank until such time as follows: Until such time as my Grand-daughter Joyce E. Marvin lives to be twenty-one years of age, or my daughter Myrtis L. Marvin becomes a widow by death of her husband. In the event of my Grand-daughter Joyce E. Marvin living to the age of twenty-one years, then the interest on the balance at that time shall be divided equally between Joyce E. Marvin and Joseph A. Marvin, my grand children; except in the event of my daughter Myrtis L. Marvin becoming a widow by the death of her husband prior to January 1, 1946, then the principal sum together with all accrued interest shall be the sole property of my daughter Myrtis L. Marvin.

" Then in the event of my daughter Myrtis L. Marvin becoming a widow by the death of her husband after January 1, 1946 and previous to my grand-daughter's twenty-first birthday, then the principal sum with all accrued interest shall be equally divided between my daughter Myrtis L. Marvin, and Joyce E. Marvin my grand-daughter, and Joseph A. Marvin my grand-son. Provided always, That if my daughter Myrtis L. Marvin should become a widow by the death of her husband after the twenty-first birthday

of her daughter Joyce E. Marvin. Then the principal sum with accrued interest shall be equally divided between my daughter Myrtis L. Marvin, my grand-daughter Joyce E. Marvin, and my grand-son Joseph A. Marvin or the survivors of the three parties."

The grandson, Joseph A. Marvin, is about five years of age and the granddaughter, Joyce E. Marvin, is about three years of age.

It will be readily seen from an examination of this paragraph of the instant will that the primary and dominant purpose of the testatrix was to provide for her daughter in a substantial manner, in the event that the contingencies mentioned and set forth in the above paragraph of this will were met. A condition in a will is not void unless its performance is impossible or against public morals. (*Oliver* v. *Wells*, 229 App. Div. 356, 359; affd., 254 N. Y. 451, 459; *Hogan* v. *Curtin*, 88 id. 162; *Matter of Balsamo*, 136 Misc. 113; *Matter of Stulman*, 146 id. 861, 868.) While the widowhood of the daughter is a condition precedent to her becoming absolutely entitled to the subject-matter of the gift, and her estate is contingent, it is nevertheless valid, since the restraint on alienation must terminate with the life of the daughter, and is, therefore, not in contravention of the statute. (Real Prop. Law, § 42; Pers. Prop. Law, § 11.)

There is, however, a difficulty with the direction that *all accrued interest* be paid to the daughter if she becomes a widow by the death of her husband prior to January 1, 1946, as upon the happening of that event she is entitled to have the principal of the fund paid to her, and the further direction that *all accrued interest* be equally divided between the daughter and the two grandchildren, if the daughter becomes a widow by the death of her husband after January 1, 1946, and prior to the arrival at majority of the granddaughter, Joyce E. Marvin, in which event the principal of the fund is to be equally divided between the daughter and the two grandchildren, and also the further direction that *all accrued interest* be equally divided between the daughter and the two grandchildren or the survivors of the three parties, if the daughter becomes a widow by the death of her husband after the twenty-first birthday of her daughter Joyce E. Marvin, when the principal of the fund is to be equally divided between the daughter and the two grandchildren or the survivors of the three parties, as there would be an illegal accumulation of the income accruing on this fund during the specified periods. (Pers. Prop. Law, § 16, as amd. by Laws of 1928, chap. 172; Real Prop. Law, §§ 61, 96.) Equally violative of these statutes is the provision in the instant will that if the granddaughter, Joyce E. Marvin, arrives at the age of twenty-one years, the interest on the fund be divided equally

between Joyce E. Marvin and Joseph A. Marvin, as such accumulation might not under all of the conditions provided for in the will be for the sole benefit of the infants. (*Matter of Murphy*, 213 App. Div. 319; *Cochrane* v. *Schell*, 140 N. Y. 516, 527; *Matter of Rogers*, 22 App. Div. 428; affd., 161 N. Y. 108.)

It must, therefore, be determined that the income accruing on this fund was not validly disposed of by the provisions of the instant will, with the result, under section 63 of the Real Property Law, which is equally applicable to personal property (*Matter of Harteau*, 204 N. Y. 292), that the same passes to the next eventual estate. (*Matter of Kohler*, 231 N. Y. 353; *Matter of Hopner*, 148 Misc. 748.)

The term " next eventual estate " is defined in *Manice* v. *Manice* (43 N. Y. 303, at p. 385) as follows: The statute does not say the ultimate, but the next eventual estate. That is, the estate which is to take effect upon the happening of the event which terminates the accumulation. Those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which are undisposed of or unlawfully directed to be accumulated.

Within this definition, therefore, the daughter, Myrtis L. Marvin, is the person entitled to the income on this fund until January 1, 1946, providing she does not become a widow by the death of her husband prior thereto, in which event she is to receive the principal, and during the period from January 1, 1946, until the time of the arrival at majority of the granddaughter, Joyce E. Marvin, and thereafter until the daughter, Myrtis L. Marvin, becomes a widow by the death of her husband, the income on this fund is payable to Myrtis L. Marvin, Joyce E. Marvin and Joseph A. Marvin equally, share and share alike, providing the daughter does not become a widow by the death of her husband, in which event the principal is to be distributed according to the provisions of the will.

I, therefore, hold and determine that the direction for the disposal of the real property of said testatrix, as provided for in the fourth paragraph of the instant will, is a valid direction for a conversion of all the real estate owned by said testatrix and that the proceeds of such sale, together with the personal property remaining, be deposited in a bank and held by the executors or the survivor of them until the happening of the events provided for by the last will and testament of Julia A. Hall, deceased, and that the income from said fund be distributed as indicated above.

A decree to be entered in accordance with this decision.