In the Matter of the Estate of MOE J. FISHER, Deceased.

Surrogate's Court, New York County, April 7, 1936.

*John L. Bernstein,* for Samuel B. Fisher, John L. Bernstein and Murray April, as executors.

*Blau & Polakoff,* for the widow and *cestui qui trust* under the trust created in the will of the deceased.

*Joseph Sultan,* for Arthur Cohen, general guardian of Florence Cohen, infant legatee, and special guardian for David, Mildred and Dorothy Margolis, infants.

*Kenneth F. Simpson,* special guardian for Ruth Fisher and Abraham Isaac Fisher, also known as Albert Fisher, infants, objectants.

DELEHANTY, S. On this accounting proceeding a number of contested items require decision.

The election made by the surviving spouse of deceased was validly made. The provisions for her in the will left her free to take outright against the will. (*Matter of Byrnes,* 141 Misc. 346; affd., 235 App. Div. 782; affd., 260 N. Y. 465.) The court holds that the service upon the executors and their acknowledgment of service indorsed on the back of the original notice plus the tender of the so-indorsed original notice for filing before the expiration of six months after date of letters was adequate compliance with the statute (Dec. Est. Law, § 18). The delay in file-marking the papers does not bar the right of the surviving spouse. Accordingly distribution of the estate must be made on the basis that the intestate share of the surviving spouse is payable to her outright.

The court holds that the will appoints Murray April executor only and not trustee. The first sentence of paragraph fourth of the will which nominates two other persons both as executors and trustees is complete in itself. The final sentence of the paragraph is clear and unambiguous and no extrinsic testimony is receivable to determine the testator's meaning. He differentiated between trustee and executor and limited his appointment of Mr. April to an executorial appointment.

The court has examined with care the affidavit of services submitted by the attorney-executor. Much of the service listed relates to purely executorial acts. For these the attorney must look to his commissions as compensation. The estate seems to have progressed without difficulty except in relation to the liquidation of the copartnership interest of deceased. As to that it is evident that substantial service was rendered but it is also apparent on the face of the affidavit of services that the actual settlement was first made by the widow 'of deceased and was later adopted by the executors. The executors spent considerable time upon the matter but much of that was part of their executorial duties. The examination of the law, the consideration of alternative methods of procedure and the preparation of process and legal papers designed to enforce the rights of the estate furnish basis for additional compensation because these are outside the executorial function. Though

there is some doubt whether the gross estate has a real worth equal to the amount scheduled, the court has considered the gross value tsated in fixing the amount of the service and determines that the maximum allowable is the sum of $6,000. This amount, with actual cash out-of-pocket disbursements is fixed as the reasonable value of the services of the executor as attorney for all service in the estate up to and including the entry of the decree on this accounting. Such allowance excludes the submission of any bill of costs though accounting disbursements may be charged.

The question raised respecting the penalty for delay in payment of estate taxes having been eliminated no ruling is necessary thereon.

The executors were directed to file supplemental schedules showing principal and income separately as suggested by the special guardian; and such schedules have been received and are part of this account.

The executors having agreed to the computation of their commissions on a basis of value which excludes the claim against Samoph Holding Corporation as an asset, no ruling is required upon the special guardian's objection which refers to this item.

The bequest to Florence Cohen is vested in her, with time of payment postponed. If she dies prior to her marriage it will be payable to her personal representative. (*Matter of Moses*, 86 Misc. 625; *Matter of Purdy*, 133 id. 217; *Matter of Ettenheimer*, Id. 717; *Loder* v. *Hatfield*, 71 N. Y. 92.) The decision in *Matter of Balsamo* (136 Misc. 113) holds nothing to the contrary. The tenor of the will in the last cited case is clearly distinguishable from the text of this will. The executors will hold the principal sum in special deposit until it is payable. The income on the legacy is payable to the legatee from a date seven months after issuance of letters.

The election by the surviving spouse necessitates determination of the source from which her intestate share is to be paid. Since she is to have her share outright the will is to be examined for the purpose of seeing to what degree the plan of the testator can be salvaged while giving effect to the statutory right of election. As was said in *Matter of Devine* (147 Misc. 273) and in *Matter of Byrnes* (149 id. 449) each individual will must be searched for the purpose of determining how best its particular provisions can be effectuated. No general principle applicable to all wills can be stated. Always the effort is to leave undisturbed so far as possible the provisions for others than the electing spouse and to take, so far as is possible without disrupting the provisions of the will, all benefits intended under the will to be conferred upon the spouse and apply them first to satisfaction of the intestate share. If that is found to be possible only the balance need be charged to the interests of others.

Here the testator's plan envisaged four residuary trusts of which the capital of one might under stated conditions eventually be paid over to the widow. It is consistent with the scheme of the will to appropriate as part of her intestate share the whole of the fund which would have been set apart for her had she accepted the will. The formula here to be followed, therefore, is to ascertain the net estate and then one-third thereof. This is fixed as the intestate share. Next, there should be ascertained the amount of the fund which would be available for the residuary trusts if the will as originally drawn were given effect. One-quarter of this amount is the intended capital of the trust for the widow. The whole of that one-quarter is to be applied in part satisfaction of the intestate share. Since it is less than the intestate share a balance must be found elsewhere. That balance will be taken ratably from the total gifts to others which are found in the general legacies and in the remaining three trusts having each a capital of one-quarter of the net residuary as intended under the terms of the will. By this method a minimum of contribution will be exacted from legatees other than the surviving spouse, the whole of the intended provision for the surviving spouse will be appropriated to her intestate share and the contributions to the balance of her intestate share will be on a parity among the other beneficiaries. Exact computation of the amount of the intestate share and hence of the respective amounts chargeable to the sources from which it is to be taken can be made only when the decree is ready for signature and all deductions for attorneys' fees, commissions, allowances and costs have been made.

Submit, on notice, decree construing the will and settling the account in conformity herewith.