In the Matter of the Estate of ISAAC K. OAKLEY, Deceased.

Surrogate's Court, Orange County, December 11, 1940.

*Scott & Sneed* [*J. Bradley Scott* of counsel], for Doris Oakley, as executrix, etc., accountant.

*D. Clinton Dominick*, for Marjorie O. Christoph, legatee.

TAYLOR, S. Following a direction for the payment of debts and funeral expenses, the will sets up a legacy of $2,500 for the decedent's adopted daughter, " upon condition, however, that the said sum does not exceed one-half of my residuary estate, and if the said sum of Two Thousand Five Hundred Dollars ($2500.00) exceeds the one-half of my said estate, then and in that event the legacy so bequeathed to my adopted daughter shall be an amount pro rated with the amount received by the residuary legatee hereinafter named." The residue of the estate is given and devised to the testator's sister.

The characterization of this legacy, as general or preferred, is required by the fact that the widow has filed a notice of election under section 18 of the Decedent Estate Law, there being no question of her right so to do.

It is contended in behalf of the adopted daughter that the wording of the will is indicative of an intention on the part of the testator to prefer the adopted daughter in this legacy.

Counsel have stated that after due diligence they have been unable to find any reported case characterizing a legacy similar to this one. *Matter of Frankenheimer* (195 N. Y. 346) and *Wechsler* v. *Drey* (203 App. Div. 692) discuss legacies very similar to the one here involved, but the question now presented was not decided therein.

Even if cases were found construing legacies using the same or similar language, they might not be helpful for the reason that precedents are of little value in will construction cases, each will depending upon its own peculiar general setup and the circumstances surrounding the testator at the time of its execution. (*Matter of Wintringham*, 161 Misc. 346; *Matter of King*, 200 N. Y. 189.)

It is a settled rule that a legacy is to be preferred only in the event such is the testator's intention (*Matter of Hochster*, 256 App. Div. 844; *Matter of Van Brunt*, 159 Misc. 105; *Matter of Young*, 171 id. 947), and preference is the exception and equality the rule. (*Matter of Cameron*, 278 N. Y. 352.)

Analyzing this will in the light of these rules, it seems there can be no question but this legacy is limited rather than preferred —

it is limited because regardless of the amount of the estate it cannot exceed $2,500, and if the estate be under $5,000, then the legacy must abate proportionately.

The next problem which is presented is as to the manner of making up the intestate share of this estate to which the surviving spouse is entitled. The will refers to Marjorie O. Christoph as the decedent's adopted daughter and she is stated to be such in Schedule I, " Distributees," of the account. This relationship is not questioned, and, therefore, will be accepted as true. As an adopted child stands in the same relationship for the purpose of inheritance, with certain possible limitations not here relevant, as a natural child, the surviving spouse would be entitled to one-third of this estate in intestacy.

The statute commands that " Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section has been deducted and the terms of the will shall as far as possible remain effective." (Dec. Est. Law, § 18, subd. 2.)

This statutory requirement is but an application of the well-settled rule that courts cannot rewrite wills. (*Matter of Devine*, 147 Misc. 273.) In the marshaling of assets to provide this intestate share of the surviving spouse, courts should seek to leave undisturbed so far as possible the provisions for others than the electing spouse. (*Matter of Fisher*, 159 Misc 190; Dodge & Sullivan, Estate Accounting, p 130.) Each will should be searched for the purpose of determining how best its particular provisions can be effectuated (*Matter of Devine, supra; Matter of Byrnes*, 149 Misc 449. *Matter of Fisher, supra.*)

It appears from the summary statement contained in the account that the balance of principa and income accounts is $11,184.33, of which the electing spouse will be entitled to one-third Under the particular setup in th's case, the $2,500 given to the adopted daughter not exceeding one-half the estate, and that legatee being, therefore, entitled to the legacy in full were it not for the widow's election, the widow's intestate share will be made up of one-third of this general legacy and one-third of the residue.

As the weight of authority is to the effect that the elective share is entitled to its *pro rata* portion of the administrative income (*Matter of Byrnes, supra*), any such income accruing between the date of the account and the decree should be properly apportioned between the widow and the residuary legatee.

The amount of the widow's intestate share is within the amount allowed to her as free of tax (Tax Law, § 249-q), but by virtue of the statute giving rise to this right of election, the net estate of the

decedent for the purpose of computation is the amount reached
after the deduction of debts, funeral and administration expenses
and any estate tax." (Dec. Est. Law, § 18, subd. 1, ¶ [a].) The result
here is that the widow must bear a portion of the estate tax. The
Legislature may not have intended that this result should follow,
but the statute creating a new right must be considered in its
entirety, and one availing himself of a statutorily created right must
submit to the conditions imposed.

Settle decree on five days' notice or by consent.